ANTON SCHMIDT v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 31, 1903.

Nos. 13,526—(187).

Action in the district court for Anoka county to recover $25,000 for personal injuries. The case was tried before Giddings, J., and a jury which rendered a verdict in favor of plaintiff for $6,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed, and judgment ordered for defendant.

*W. E. Dodge, C. S. Albert,* and *A. F. Pratt,* for appellant.

*F. D. Larrabee,* for respondent.

PER CURIAM.

This is the second time this case has been before this court. On the former appeal (83 Minn. 105, 85 N. W. 935) a new trial was ordered, when a verdict was again rendered in favor of the plaintiff. Defendant moved for judgment or for a new trial, in the alternative, which was refused. The present appeal is from that order.

On the former review we considered the cause thoroughly upon the record, and held, upon the facts disclosed therein, that the collision between defendant's passenger train and plaintiff's carriage might

[1]Reported in 96 N. W. 1133.

have been avoided by the exercise of ordinary care by the driver, who seeks recovery in this action, and held that the latter, in going upon the crossing, must have failed to look and listen for the approaching train, which was plainly observable if he had done so before he passed in front of it.   The evidence upon the last trial, so far as the physical facts are concerned, does not differ in material respects from that contained in the settled case now before us.   In some respects the case made by the defendant is stronger than before to show plaintiff's lack in observing the ordinary precautions which the law requires from persons approaching a railway grade crossing on the highway.

It is unnecessary to restate the facts, which were fully considered and discussed on the former appeal, for our examination of the record in this case has confirmed the conclusion which we arrived at on the former appeal; and it would serve no practical or beneficial purpose to restate them, since we are fully satisfied that the previous result has not been changed in any substantial respect, and that in the record now here the physical facts disclosed demonstrate that the plaintiff failed to exercise the proper degree of care required of him to justify a recovery.   Hence the former decision must necessarily be treated as the law of the case.   We have given to the discussion of the merits presented by the briefs and arguments attentive consideration, but they have not overcome the controlling and decisive facts which we there held established plaintiff's contributory negligence; and we are satisfied that the result of the second trial requires us to hold that the statements made by the plaintiff that he did look and listen are conclusively met and overcome by the physical facts, which seem to be self-evident and conclusive.   It does not appear to be possible that another trial of this cause is required, or that any further evidence can add to or detract from the result we were compelled to adopt.

It is therefore directed that the order of the trial court be reversed, and judgment ordered for defendant.